## City of Waukegan v. Adelbert Weale.

### Gen. No. 4,433.

1. DIVERSION OF WATER—*when confers cause of action.* When a person diverts the natural flow of water so that it injures the land of another, he is liable, notwithstanding such land may, prior to such diversion, have been subject to overflow from heavy rains.

2. INSTRUCTION—*when error in, consisting in failure to limit right of recovery to negligence charged, will not reverse.* Such an error will not reverse where the declaration is not abstracted and no complaint is made of the admission of evidence pertaining to negligence other than that charged in the declaration.

Action on the case for causing inundation. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

PERRY L. PERSONS, City Attorney, for appellant.

HANNA & MILLER and ORVIS & EDWARDS, for appellee.

Mr. Presiding Justice Farmer delivered the opinion of the court.

Appellee is the owner of and lived on lot 2, block 2, Douglass' Division, in the city of Waukegan. Said lot fronted north on Center street which runs east and west. Just south of the lot is Biddlecom's Subdivision, through which North street runs east and west. The nearest street to appellee's premises on the east is County street, and on the west, North avenue. Both of these last named streets run north and south. Immediately south of appellee's lot in Biddlecom's Subdivision, which was laid out in 1902, was a low place where for many years water naturally collected and stood after rains, extending upon and over his premises or a part thereof. This was in some degree remedied by tile drainage.

Prior to 1902, North street had not been opened through this low land between North avenue and County street. Years before appellee became the owner of the property, the city had cut a ditch from North avenue, east, along the south side of North street, through which water ran to the low land back of appellee's premises. In 1903 North street was graded and opened through from North avenue to County street. Appellee claimed that in making this improvement, appellant diverted water from its natural course both east and west of him, and caused it to flow and stand upon his premises in increased quantities, thereby injuring and damaging him. He brought this suit to recover the damages he claimed to have sustained, and obtained a verdict and judgment for $500, from which this appeal is prosecuted by the city.

The only errors discussed in appellant's brief and argument are, that the verdict was contrary to the evidence and that the court erred in giving two instructions for appellee and refusing one asked by appellant. The principal question, however, is as to the sufficiency of the evidence. On the question of fact, the contention is as to whether, by the improvement in North street in 1902, appellant turned water from North avenue on the west and County street on

the east that had before that time naturally flowed in some other direction, and caused it to flow upon appellee's premises. On the trial he sought to show that next to and east of North avenue, the surface of the land was higher than the street and sloped west toward it, and that the water naturally flowed north and northwesterly; that the surface of the land next west of County street was higher than the street, sloped east toward it, and that the water naturally flowed north, and that in opening and grading North street through from North avenue to County street, the higher land east of North avenue and west of County street was cut down so that water was brought from both these streets upon appellee's lot. Also that the loose earth thrown up in grading North street washed into and obstructed the tile drainage. Appellant denies these contentions and sought to show that appellee's lot was low and wet and was subject to overflow from water naturally collecting there, for many years prior to the change in North street; that, that change did not divert the waters from the course they had before that time naturally flowed in, and cause them to flow upon appellee; that no more water came upon his lot through North street than had flowed there for many years through the ditch on the south side of said street, and that the only increase in the water upon appellee's lot subsequent to the improvement in 1902, if any, was from excessive rainfalls.

It appears from the evidence that appellee's lot was low and was subject to overflow from heavy rains prior to 1902, but this could not justify appellant in bringing upon it additional waters which it had diverted from their natural flow. If appellee's position was sustained by the evidence, the case made was one to which Peck v. Herrington, 109 Ill. 611, and similar cases, could have no application; nor is it denied that in such event he would be entitled to recover damages proven to have resulted from the water thus wrongfully turned upon his premises. Whether he proved his case by a preponderance of the evidence was the province of the jury to determine. Fifteen witnesses testified

on behalf of appellee and their testimony was more or less emphatic that appellant was guilty of committing the grievances complained of. It cannot be denied that the evidence abundantly tended to make appellee's case. Thirteen witnesses testified for appellant and more or less positively disputed and contradicted appellee's evidence. An examination of this testimony convinces us that this is not a case where an appellate court would be justified in disturbing the verdict and judgment on the ground that they were not sustained by the evidence.

The instructions complained of are not numbered. It is argued that one of them assumes appellant did turn surface water from its natural course upon appellee's premises. We have examined it and do not find it justly subject to such criticism. It states a correct proposition of law and cannot reasonably be construed as assuming anything against appellant.

The next instruction is slightly faulty. It told the jury plaintiff was entitled to recover " if the damage done was due to the negligence and careless act or omission, if any, of defendant." It should have limited the right to recover to proof of the negligence charged in the declaration. The declaration is not in the abstract and no complaint is made of any testimony having been admitted of negligence not charged therein. We are, therefore, warranted in assuming that the proof was confined to the negligence charged, and in that case the error in the instruction was harmless.

Appellant had the benefit of the law applicable to its defense in proper instructions given by the court at its request, and no error was committed by the refusal of the instructions complained of.

The judgment is affirmed.

*Affirmed.*